UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
103 CENTRAL PARK WEST CORPORATION,

                *Plaintiff*,

    -*against*-

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ, *and* REALTY ADVISORY BOARD ON
LABOR RELATIONS,

                *Defendants.*
------------------------------------------------------------------------x

**COMPLAINT TO ENFORCE A LABOR ARBITRATION AWARD**

Case No.

## INTRODUCTION

1. This action seeks to confirm and enforce a labor arbitration award (the "Award") issued on July 21, 2021 by Contract Arbitrator Haydeé Rosario ("Arbitrator Rosario") in proceedings under a collective bargaining agreement.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, under the Federal Arbitration Act, 9 U.S.C. § 9, and under 28 U.S.C. § 1331.

3. Venue is proper in this District because defendants Service Employees International Union, Local 32BJ (the "Union") and Realty Advisory Board on Labor Relations (the "RAB") maintain offices within this District.

## THE PARTIES

4. 103 Central Park West Corporation ("103 Central Park West") is a residential housing cooperative organized and existing under the laws of the State of New York.

5. 103 Central Park West maintains offices at 103 Central Park West, New York, New York 10023.

6. 103 Central Park West is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2).

7. The Union is, upon information and belief, an unincorporated association within the meaning of New York State General Association Law and a labor organization recognized under National Labor Relations Act. *See* 29 U.S.C. § 152(5). The Union's offices are located at 25 West 18th Street New York, New York 10011.

8. The RAB[1] is an employer association (of which 103 Central Park West is a member), organized and existing under the laws of the State of New York, and having an office at One Penn Plaza, Suite 2110, New York, NY 10119.

## CAUSE OF ACTION

9. The Union and the RAB are parties to an industry-wide collective bargaining agreement with a term of April 21, 2018 to April 20, 2022 (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as Plaintiff's Exhibit A, as well as available online at https://www.seiu32bj.org/wp-content/uploads/2012/08/2018-RAB-Residential-Agreement.pdf.

10. As a member of the RAB, 103 Central Park West has assented to this Agreement. A true and accurate copy of this assent is attached hereto as Plaintiff's Exhibit B.

11. At all times relevant herein, the Union was the duly recognized bargaining agent of all building service employees employed at 103 Central Park West within the bargaining unit defined by the Agreement.

12. The Agreement sets forth the terms and conditions governing the employment of bargaining unit employees at 103 Central Park West. (*See* Agreement, Exhibit A, *generally*.)

---

[1] The RAB is a nominal defendant in this action. During the underlying Arbitration, the RAB was aligned with the rights of 103 Central Park West under the terms of the Agreement at issue in the proceeding.

13. The Agreement provides a detailed grievance and arbitration procedure for arbitration of disputes arising between the parties as to the interpretation or application of the Agreement. (*See* Agreement, Exhibit A, Articles V and VI, pp. 13-20.)

14. The Agreement further provides that:

> A Contract Arbitrator shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement, and such other issues as are expressly required to be arbitrated before the Arbitrator, including such issues as may be initiated by the Trustees of the Funds.

(Agreement, Exhibit A, Articles VI, ¶ 1, pp. 15-16.)

15. Notably, the Agreement prohibits employers from discriminating against its employees based on race, color, national origin, sex and other protected classifications in violation of federal, state and/or city law. (Agreement, Exhibit A, Article XIX, Section 23(A), pp. 106-107.)

16. Article XIX, Section 23(A) of the Agreement provides as follows:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. Section 1981, Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code, or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

(Agreement, Exhibit A, Article XIX, Section 23(A), pp. 106-107.)

17. Pursuant to the Agreement, the Union expressly agreed on behalf of its members that arbitration would be "the sole and exclusive remedy for violation" of federal, state and local laws prohibiting discrimination in employment, including, *inter alia*, the New York City

Human Rights Law and the Americans with Disabilities Act. (*See* Agreement, Exhibit A, Article XIX, Article 23(a), pp. 106-107.)

18. The arbitration clause of the Agreement provides that the Contract Arbitrator has the broadest possible authority in interpreting the provisions of the Agreement, as follows:

> The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved.

(*See* Agreement, Exhibit A, Article VI, ¶ 3, pp. 17-18.)

19. Jaime Buitrago (the "Grievant") is a former employee of 103 Central Park West and, in that capacity, was a member of the bargaining unit at the Property at all times relevant to his employment.

20. On or about April 29, 2020, the Grievant was terminated by 103 Central Park West.

21. The Grievant filed a complaint with the City Commission on Human Rights (the "Commission Complaint") on or about July 29, 2020. A true and accurate copy of the Commission Complaint is attached hereto as Plaintiff's Exhibit C.

22. Pursuant to the terms of the CBA, the Union grieved whether the Grievant's termination was supported by just cause, and 103 Central Park West and the Defendants agreed to submit the dispute to binding arbitration before the Contract Arbitrator as designated by the Agreement.

23. Upon due notice to 103 Central Park West, the RAB, the Union and the Grievant, an arbitration hearing was held before Arbitrator Rosario on May 21, 2021, at which time the parties were afforded a full and fair opportunity to present evidence, including witnesses and

documentary exhibits pertaining to their dispute, and to make arguments in support of their respective positions.

24. Having considered the evidence and arguments submitted by the parties, and after careful review of the entire record, Arbitrator Rosario issued a written opinion and award, dated July 21, 2021, denying the grievance and finding that just cause existed for the termination of the Grievant's employment. A true and accurate copy of Arbitrator Rosario's Award is attached hereto as Plaintiff's Exhibit D.

25. The Union and the Grievant had a full and fair opportunity to argue the issue of whether or not the Grievant was terminated in violation of the Americans with Disabilities Act and the New York City Human Rights Law at the hearing before Arbitrator Rosario.

26. The terms of the Agreement are binding on the Union and provide arbitration as the sole and exclusive remedy for violations of discrimination laws claimed by its membership.

27. The Award was made in accordance with the terms of the Agreement and is in all respects proper.

28. The Award is substantively and procedurally valid under the standards of federal arbitration law.

29. Pursuant to N.Y. C.P.L.R. § 7511, the Union and the Grievant have waived any objections to the validity of the Award by not filing a petition to vacate or modify the Award within ninety days of its issuance.

30. Plaintiff's application has been made within one (1) year of the delivery of the Award.

31. Accordingly, the Award should be confirmed in its entirety and a judgment should be entered in favor of Plaintiff and against Defendants confirming the Award.

32. No prior application has been made for the relief requested herein.

THEREFORE, Plaintiff respectfully requests the following relief:

a. An Order of this Court confirming and enforcing Arbitrator Rosario's July 21, 2021 Award;

b. Such other and further relief as the Court deems just and proper, including awarding the Plaintiff the costs, reasonable attorneys' fees and disbursements.

Dated:  New York, New York  
        November 9, 2021

CLIFTON BUDD & DeMARIA, LLP  
*Attorneys for Plaintiff*

By: _____  
Robert A. Sparer  
Stephen P. Pischl  
The Empire State Building  
350 Fifth Avenue Suite 6110  
New York, New York 10118  
(212) 687-7410 (tel)  
(212) 842-5205 (fax)  
sppischl@cbdm.com

To:  Service Employees International Union, Local 32BJ  
     Kyle Bragg, President  
     25 West 18th Street  
     New York, New York 10011

     Realty Advisory Board on Labor Relations, Inc.  
     One Penn Plaza Suite 2110  
     New York, New York 10119